FILED
2025 Nov-04 PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

Daniel L. Chapel
4220 46th Avenue North
Birmingham, AL 35217
**Pro Se Plaintiff**
(659) 263-7278
Email: greathealthchef4@gmail.com

FILED
2025 NOV -4 A 10: 27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ALABAMA,**

**SOUTHERN DIVISION**

**DANIEL L. CHAPEL,**

Plaintiff

vs.

**AMERICREDIT FINANCIAL SERVICES, INC. D/B/A GM FINANCIAL,**

Defendant

Case No.: **2:25-cv-1341-SGC**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS**

Plaintiff Daniel L. Chapel respectfully submits this Response in Opposition to Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financials' Motion to Compel Arbitration and Dismiss (Doc. 18), and states as follows:

## I. INTRODUCTION

Defendant's motion seeks to divert this matter from judicial review to private arbitration, relying on a boilerplate clause buried in a 2015 financing agreement. Plaintiff opposes this maneuver on the grounds that:

- Defendant is in **material breach of contract**, rendering the arbitration clause unenforceable
- Plaintiff's claims arise from **statutory violations and tortious conduct**, not mere contractual disputes
- Defendant **never invoked arbitration** during years of dispute resolution efforts
- The arbitration clause is **procedurally unconscionable**, and its invocation now is **disingenuous and evasive**

## II. PLAINTIFF'S DOCUMENTED ATTEMPTS TO RESOLVE THIS MATTER

A. Consumer Financial Protection Bureau Complaint

- Filed: December 21, 2024
- Complaint ID: #241222-17571479
- GM Financial Response: January 7, 2025
- Status: Closed with explanation, no corrective action taken

B. Experian Credit Reporting Disputes

- Initial Dispute: March 2023
- Follow-Up Disputes: July 2023, January 2024, April 2025
- Outcome: Tradeline remained unchanged; Experian confirmed GM Financial was notified

C. Direct Correspondence with GM Financial

- Letters Sent: May 3, 2025 and May 17, 2025
- Content: Pleas for correction of credit reporting, honoring of Total Loss Protection Addendum (Exhibit B3), and resolution of IRS Form 1099-C timing
- Response: No offer of arbitration, no substantive resolution

D. Cease and Desist Defamation Letter – Final Assertion of Rights

- Date Sent: March 10, 2025
- Document Reference: Doc. 1, pg. 15 (Exhibit A2)
- Content: Plaintiff issued a formal Cease and Desist Defamation Letter to both GM Financial and Experian, demanding immediate correction of derogatory credit reporting and asserting his rights under 15 U.S.C. §1692k – Civil Liability.
- The letter outlined four key elements of defamation:
    1. False statements presented as fact
    2. Publication of those statements on Plaintiff's credit report
    3. Negligent or reckless dissemination
    4. Harm to Plaintiff's reputation and emotional well-being

- This letter served as Plaintiff's final pre-litigation declaration, placing both Defendants on notice and offering an opportunity to resolve the matter without judicial intervention.

Despite these extensive efforts, GM Financial failed to respond meaningfully or offer arbitration. Their current invocation of arbitration is not only untimely—it is evasive and procedurally manipulative.

Plaintiff finds Defendant's sudden invocation of arbitration **astounding**, given their **complete silence** on this option during years of documented engagement. This tactic appears designed to **evade accountability**, not resolve disputes.

## III. ARBITRATION IS UNWARRANTED DUE TO DEFENDANT'S BREACH AND THE NATURE OF THE DISPUTE

Defendant's reliance on an arbitration clause is misplaced and legally unsound. The dispute at hand arises from:

- A **manufacturer-verified safety recall** (Exhibits B1 and B2)
- A **contractual obligation to waive remaining liability** under the Total Loss Protection Addendum (Exhibit B3)
- Defendant's **failure to honor that obligation**, constituting a **material breach of contract**

**A. Material Breach Voids Arbitration Clause**

Under *Restatement (Second) of Contracts § 237*, a party's material breach excuses the other party from further performance—including arbitration.

"A party cannot compel arbitration when it has materially breached the underlying agreement."

— *Brown v. Genesis Healthcare Corp.*, 729 S.E.2d 217 (W. Va. 2012)

"Arbitration is a matter of contract, and a party in breach cannot enforce a clause it has undermined."

— *Preston v. Ferrer*, 552 U.S. 346 (2008)

**B. The Nature of the Dispute Is Statutory, Not Contractual**

Plaintiff's claims arise under:

- **Fair Credit Reporting Act (FCRA):** 15 U.S.C. § 1681s-2(b) – Furnisher's duty to investigate disputed information
- **Fair Debt Collection Practices Act (FDCPA):** 15 U.S.C. § 1692e and § 1692f – Prohibition against false, deceptive, and unfair debt collection practices

"Statutory rights cannot be waived by arbitration when the clause is unconscionable or invoked to avoid accountability."

— *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)

> "A party waives arbitration by acting inconsistently with that right and causing prejudice."
>
> — *Martin v. Yasuda*, 829 F.3d 1118 (9th Cir. 2016)

**C. Defendant's Conduct Undermines the Arbitration Clause**

GM Financial:

- Ignored Plaintiff's repeated attempts to resolve the matter
- Failed to honor the Total Loss Protection Addendum
- Continued reporting inaccurate information
- Issued a Form 1099-C years after the vehicle was surrendered
- Never once offered arbitration until litigation began

This conduct reflects **bad faith and procedural manipulation,** not a genuine intent to resolve disputes through arbitration.

## IV. REBUTTAL TO DEFENDANT'S CASE CITATIONS

**A. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)**

**Rebuttal:** Cone emphasized judicial efficiency—not blind enforcement of arbitration clauses. Courts retain discretion when **statutory rights** and **public policy** are at stake.

**Counter-Citation:** *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)

**B. *Rent-A-Center v. Jackson*, 561 U.S. 63 (2010)**

**Rebuttal:** Applies only when the delegation clause is **not challenged.** Plaintiff here **explicitly challenges enforceability** due to breach and unconscionability.

**Counter-Citation:** *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015)

**C. *AT&T Technologies v. Communications Workers of America*, 475 U.S. 643 (1986)**

**Rebuttal:** Applies to labor contracts—not consumer finance disputes involving **statutory violations.**

**Counter-Citation:** *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991)

**D. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003)**

**Rebuttal:** Interstate commerce is not disputed. The issue is **waiver and fairness.**

**Counter-Citation:** *Martin v. Yasuda*, 829 F.3d 1118 (9th Cir. 2016)

## V. CONCLUSION

Plaintiff respectfully requests that the Court:

1. **Deny Defendant's Motion to Compel Arbitration and Dismiss**
2. **Retain jurisdiction over Plaintiff's claims**, which arise under:
    - **Fair Credit Reporting Act (FCRA):** 15 U.S.C. § 1681s-2(b)
    - **Fair Debt Collection Practices Act (FDCPA):** 15 U.S.C. § 1692e and § 1692f

3. **Set this matter for judicial review,** as arbitration was never offered, invoked, or pursued during years of documented attempts to resolve

**Respectfully submitted,**

Executed on this **4th day of November, 2025**.

**Daniel L. Chapel,**
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on **November 4, 2025,** I served a true and correct copy of the foregoing:

- **Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration and Dismiss**
- **Exhibit B1 – Hyundai Safety Recall Notice – Campaign 162(doc. 14)**
- **Exhibit B2 – Hyundai Recall Confirmation and Service Record (doc. 14)**
- **Exhibit B3 – Total Loss Protection Addendum (doc. 14)**

upon the following parties via **U.S. First Class Mail**, postage prepaid:

**Alan D. Leeth and Ryli W. Leader**
**BURR & FORMAN LLP**
**420 North 20th Street, Suite 3400**
**Birmingham, AL 35203**
**Attorneys for Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial**

**Experian Information Solutions, Inc.**
c/o CT Corporation System (Registered Agent)
2 North Jackson Street, Suite 605
Montgomery, AL 36104

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 4th day of November, 2025.

Daniel L. Chapel, PRO SE